

James Juo (State Bar No. 193852)
   jjuo@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BOOST WORLDWIDE, INC.,

  Plaintiff,

  v.

HERMAN VARGAS d/b/a CELL CORNER,

  Defendant.

Case No. CV13-05601-VBK

COMPLAINT

Plaintiff Boost Worldwide, Inc., a wholly-owned subsidiary of Sprint Nextel Corp. ("Boost" or "plaintiff"), by and through its undersigned attorneys, as and for its complaint against defendant Herman Vargas d/b/a Cell Corner ("Cell Corner" or "defendant"), alleges as follows:

## NATURE OF THE CASE

1. This action arises from defendant's infringing and unauthorized use of plaintiff's popular trademarks, in direct violation of plaintiff's valuable intellectual property rights. Specifically, defendant has been using plaintiff's trademarks in signs, displays and other advertising without plaintiff's authorization or consent. Defendant's improper conduct is likely to cause confusion or mistake, or to deceive the public into believing that defendant's goods and services originate with, are

COMPLAINT

689902.1

sponsored by, or are offered under Boost's supervision and control. Defendant's unlawful actions are causing, and are likely to continue to cause, irreparable harm to plaintiff, including to the substantial goodwill and reputation earned by plaintiff.

2. Plaintiff has requested that defendant cease its infringing use of plaintiff's valuable trademarks. Defendant refuses to do so, thereby leaving plaintiff no choice but to seek the Court's assistance. Accordingly, by this action, plaintiff seeks (i) a permanent injunction restraining defendant from using plaintiff's trademarks in an unauthorized manner, including by removing or taking down all unauthorized signage and displays containing plaintiff's trademarks at defendant's store; and (ii) damages, including reasonable attorneys' fees and treble and/or punitive damages, for defendant's wrongful conduct.

## PARTIES

3. Plaintiff Boost is a Delaware corporation with its principal place of business at 6200 Sprint Parkway, Overland Park, KS 66251. Boost is a wholly-owned subsidiary of Sprint Nextel Corp.

4. Upon information and belief, defendant Herman Vargas is a California resident who does business also as Cell Corner, with a retail location at 13573 Glenoaks Blvd., Sylmar, California, 91342.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (trademark and unfair competition), in that plaintiff is alleging claims under, <u>inter alia</u>, the Lanham Act, 15 U.S.C. §§ 1114 and 1125. The Court has jurisdiction over plaintiff's common law claims pursuant to 28 U.S.C § 1367 (supplemental jurisdiction).

6. Venue is proper herein pursuant to 28 U.S.C. § 1391(a)(1), in that defendant resides in this district.

COMPLAINT

2

7. Venue also is proper herein pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

## FACTS

### A. Boost and Its Valuable Trademarks.

8. Boost is a leading provider of prepaid wireless services. Originally launched in Australia in 2000, Boost has been at the front of the no-annual contract wireless industry in the United States since 2002. In 2007, Boost became one of the first providers to launch an unlimited, flat-rate no-annual contract wireless service on a dependable nationwide network. Now wholly owned by Sprint, Boost's services run on both Sprint's and Nextel's extensive networks.

9. Boost is one of the most popular no-annual contract wireless brands in the United States. It focuses on providing its customers with higher value and better quality services than other wireless prepaid providers. For the year ending December 31, 2010, Boost's total revenues in the United States exceeded $3 billion. As of December 31, 2010, Boost offers its wireless services in all fifty states. Boost has millions of customers nationwide.

10. On October 12, 2001, Boost filed U.S. Trademark Application Serial No. 76977053 for the Boost Mobile mark. On May 17, 2005, the United States Patent and Trademark Office (the "USPTO") issued registration No. 2,952,818 (the "'818 Mark") to Boost for the Boost Mobile mark for use in, inter alia, telecommunications and communications equipment, telephone cards for making telephone calls, and telecommunications and entertainment services. Annexed hereto as Exhibit A is a true and correct copy of the certificate of registration for the '818 Mark.

11. On October 12, 2001, Boost filed U.S. Trademark Application Serial No. 76-978305 for the Boost Mobile logo. On October 24, 2006, the USPTO issued registration No. 3,163,288 (the "'288 Mark") to Boost for the Boost Mobile logo for

use in connection with telephone cards for making telephone calls and telecommunications services. Annexed hereto as Exhibit B is a true and correct copy of the certificate of registration for the '288 Mark.

12. On July 3, 2002, Boost filed U.S. Trademark Application Serial No. 76-429848 for the Boost mark. On June 19, 2007, the USPTO issued registration No. 3,254,019 (the "'019 Mark") to Boost for the Boost mark for use in connection with, inter alia, telecommunications and communications equipment, telephone cards for making telephone calls, and telecommunications and education services. Annexed hereto as Exhibit C is a true and correct copy of the certificate of registration for the '019 Mark.

13. On October 10, 2002, Boost filed U.S. Trademark Application Serial No. 76-977014 for the Re-Boost mark. On March 29, 2005, the USPTO issued registration No. 2,936,743 (the "'743 Mark") to Boost for the Re-Boost mark for use in connection with smart cards for mobile telephones, Internet access and telephone calling cards. Annexed hereto as Exhibit D is a true and correct copy of the certificate of registration for the '743 Mark. The '818, '288, '019 and '743 Marks hereafter collectively are referred to as the "Boost Marks" or the "Marks."

14. Boost has been using the Boost Marks in commerce and in connection with offering and selling its wireless telecommunication goods and services continuously since at least as early as 2002.

15. Since their first use, Boost's Marks for wireless telecommunications products and services have become an enormously popular and widely recognized brand.

16. Since 2002, Boost continuously and extensively has promoted, offered and sold wireless telecommunications products and services in interstate commerce under, and in connection with, the Boost Marks, and Boost's products and series are widely available in retail stores and on-line.

17. During its years of continuously using the Boost Marks in interstate commerce, Boost has spent millions of dollars annually advertising and promoting its goods and services in a variety of media, including television, radio, print media, billboards, trade shows and the internet. Boost's services and products have received widespread media attention.

18. As a result of Boost's continuous, extensive and exclusive use of the Marks, the Boost Marks are widely recognized and/or distinctive throughout the United States, including in California. The consuming public, in this state and throughout the United States, recognizes the Boost Marks to identify Boost's goods and services, and associates the Marks with Boost exclusively. Boost has established substantial goodwill and reputation with respect to its goods and services due to the consistent quality of those goods and services marketed under and in association with the Boost Marks.

**B.   Defendant Refuses to Cease Its Infringing Activities and Other Wrongful Conduct.**

19. Boost offers, makes and sells its telecommunications goods and services in large retail chains such as Walmart, Target, Best Buy and RadioShack as well as in small, authorized retail outlets disseminated strategically and geographically throughout the country.

20. Defendant is not an authorized direct or indirect Boost dealer. Boost has not consented, and does not consent, to defendant's use of the Boost Marks, and Boost has not authorized defendant to use the Marks in connection with the sale and/or advertising of wireless communications goods and services.

21. Boost has discovered that defendant is, and has been, improperly using the Boost Marks. Among other things, defendant prominently is displaying the Boost Marks on signs, displays and other advertising at, and in connection with, its Sylmar store.

COMPLAINT

5

22. Boost confirmed defendant's improper use of the Boost Marks with the following photographs of defendant's storefront:



23. Upon information and belief, defendant is using the Boost Marks improperly to confuse or to deceive the public into believing that defendant's goods and services originate with, or are sponsored by and/or offered with the approval of Boost, or are offered under Boost's supervision and control.

24. Prior to commencing this action, Boost requested that defendant cease its unauthorized use of the Boost Marks, in direct violation of Boost's intellectual property rights.

25. Specifically, by letter dated April 1, 2013, Boost's outside counsel demanded that defendant cease its unauthorized use of the Boost Marks, remove the infringing signage and displays, cease using the Marks in advertising and otherwise permanently desist from violating Boost's valuable intellectual property rights. Defendant refused to stop its wrongful conduct, thereby leaving Boost no choice but to file this action.

## COUNT ONE
## (Trademark Infringement – 15 U.S.C. § 1125(a))

26. Plaintiff repeats the foregoing allegations as if fully set forth herein.

27. Defendant's unauthorized advertising, offer for sale and promotion of its goods and services using the Boost Marks is likely to cause confusion, or to cause mistake, or to deceive the public into believing that defendant's goods and services originate with, or are sponsored by Boost, are offered with the approval of Boost, or are offered under Boost's supervision and control. As a result, consumers may mistakenly believe that defendant's goods and services are sponsored by, affiliated with, associated with, or otherwise connected with Boost.

28. Upon information and belief, defendant has willfully and deliberately made a false designation of origin and false representation in commerce by advertising, offering for sale and promoting their goods and services using the Boost Marks.

29. Defendant's conduct is calculated to deceive the relevant consuming public into accepting and purchasing defendant's goods and services in the mistaken belief that they are Boost's goods and services or that they are sponsored by, connected with or supplied under the supervision.

30. Upon information and belief, defendant has knowingly mislead and confused the public by advertising, offering for sale and promoting its wireless telecommunications goods and services using the identical Boost Marks used by Boost in connection with its wireless communications goods and services.

31. Upon information and belief, defendant's conduct was committed, and is being committed, with the deliberate purpose and intent of appropriating and trading upon Boost's good will and reputation.

32. Defendant's conduct is likely to deceive and cause confusion of the public and constitutes a false designation of origin and false representation in commerce in violation of 15 U.S.C. § 1125(a)(1). As a direct result of defendant's

COMPLAINT

7

conduct, Boost has suffered damages and defendants have profited at Boost's expense.

33. Defendant's conduct constitutes infringement of the Boost Mark under the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

34. Accordingly, Boost is entitled to the remedies provided by, inter alia, 15 U.S.C. §§ 1116, 1117 and 1118.

## COUNT TWO
### (Trademark Infringement – 15 U.S.C. § 1114))

35. Plaintiff repeats the foregoing allegations as if fully set forth herein.

36. Boost is the owner of the Boost Marks, all of which have been registered federally.

37. Defendant's conduct is likely to deceive and to cause mistake or confusion of the public and constitutes infringement of the federally registered Boost Marks under 15 U.S.C § 1114.

38. As a result of defendant's conduct, Boost has suffered damages and defendants have acquired profits at Boost's expense.

39. Defendant's conduct has caused Boost irreparable harm. Unless enjoined permanently, defendant's conduct will continue to cause irreparable harm or which Boost lacks an adequate remedy at law.

40. Upon information and belief, defendant's conduct has been, and continues to be committed deliberately and with willful intent to reap the benefits of good will associated the Boost Marks.

41. As a result of defendant's conduct Boost is entitled to the remedies provided by, inter alia, 15 U.S.C. §§ 1116, 1117 and 1118.

COMPLAINT

## COUNT THREE
### (False Advertising – 15 U.S.C. § 1125)

42. Plaintiff repeats the foregoing allegations as if fully set forth herein.

43. Defendant's prominent of the Boosts Mark in connection with its store expressly represents to consumers that defendant's store offers for sale Boosts goods and services.

44. The foregoing representation is a false and/or misleading statement of fact about defendant's store, which is not authorized to sell Boost goods and services.

45. Defendant made the foregoing false and/or misleading representations in connection with commercial activities that affect intrastate commerce.

46. Defendant's representation either has deceived or has the capacity to deceive a substantial segment of potential consumers.

47. Defendant's false and/or misleading statements of fact about their offering of Boost products and services are likely to influence consumer purchasing decisions.

48. Boost has been and is likely to continue to be injured as a result of defendant's false representations.

49. Defendant's conduct constitutes false advertising in violation of § 43(a)(1)(E) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

50. Defendant's unlawful conduct has caused great and in irreparable injury to Boost and will continue to irrepealably harm Boost unless enjoined. Upon information and belief, defendants have profited from their unlawful conduct and have been unjustly enriched to the detriment of Boost. Defendant's unlawful conduct has caused Boost to suffer monetary damages in the amount to be determined by the trier of fact.

## COUNT FOUR
### (Common Law Unfair Competition)

51. Plaintiff repeats the foregoing allegations as if fully set forth herein.

52. Defendant's conduct unlawfully permits defendants to use and to benefit from the good will and the reputation earned by Boost to obtain a ready customer acceptance of defendant's goods and services and constitutes common law unfair competition, and misappropriation in violation of this state's common law. Accordingly, Boost is entitled to recover damages for defendant's wrongful conduct and to receive any and all other remedies provided by this state's common law.

## COUNT FIVE
### (Unfair Competition – California Business & Professions Code § 17200)

53. Plaintiff repeats the foregoing allegations as if fully set forth herein.

54. Defendant's conduct constitutes unfair competition in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code § 17200, *et seq.*

55. Upon information and belief, Defendant's wrongful conduct has proximately caused and will continue to cause Plaintiff substantial injury, including without limitation a loss of potential revenues, dilution of goodwill, confusion of potential partners and customers, and diminution of the value of the Boost Marks. Accordingly, Boost is entitled to recover damages for defendant's wrongful conduct and to receive any and all other remedies provided by this state's Unfair Competition Law under California Business & Professions Code § 17200, *et seq.*

WHEREFORE, plaintiff demands judgment in favor of plaintiff and against defendant as follows:

A. Permanently enjoining defendant from the unauthorized use of the Boost Marks, including without limitation by requiring defendant to remove any and all existing signage and destroy all advertising, displays, literature and other

COMPLAINT

10

materials bearing the Boost Marks in a way that would violate the injunction entered herein;

  B. Pursuant to 15 U.S.C. § 1116, requiring defendant to file with the Court, and serve on plaintiff, a written report under oath detailing the manner in which defendant has complied with the injunction entered by the Court;

  C. Awarding plaintiff actual, compensatory and consequential damages in an amount to be determined by the trier of fact;

  D. Awarding plaintiff the profits derived by defendant as a result of its infringing activities;

  E. Pursuant to 15 U.S.C. § 1117, or as otherwise allowed for by law, awarding plaintiff treble and/or punitive damages;

  F. Awarding plaintiff its reasonable attorneys' fees;

  G. Awarding plaintiff pre- and post-judgment interest, as allowed for by law; and

  H. Such other and further relief as the Court deems just and proper.

DATED: August 1, 2013   Respectfully submitted,

FULWIDER PATTON LLP

By: _____
James Juo
Attorneys for Plaintiff

COMPLAINT

11

Int. Cls.: 9, 16, 38, and 41

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, 104, and 107

United States Patent and Trademark Office

Reg. No. 2,952,818
Registered May 17, 2005

TRADEMARK
SERVICE MARK
PRINCIPAL REGISTER

BOOST MOBILE

BOOST WORLDWIDE, INC. (DELAWARE CORPORATION)
2001 EDMUND HALLEY DR
RESTON, VA 20191

FOR: TELECOMMUNICATIONS AND COMMUNICATIONS EQUIPMENT, APPARATUS AND SYSTEMS FOR RECORDING, TRANSMISSION, RECEPTION, PROCESSING, RETRIEVAL, REPRODUCTION, MANIPULATION, ANALYSIS, DISPLAY AND PRINT OUT OF SOUND, IMAGES OR DATA, NAMELY MOBILE RADIOS, TWO-WAY RADIOS, CELLULAR TELEPHONES, DIGITAL CELLULAR TELEPHONES, MOBILE TELEPHONES, MOBILE DATA RECEIVERS AND TRANSMITTERS; ENCODED SMART CARDS, NAMELY PREPAID SMART CARDS FOR MOBILE TELEPHONES, INTERNET ACCESS, AND TELEPHONE CALLING CARDS; ACCESSORIES FOR CELLULAR TELEPHONES AND ALL OTHER COMMUNICATIONS DEVICES, NAMELY, PROTECTIVE COVERS FOR MOBILE PHONES, MICROPHONES AND SPEAKERS, PHONE CRADLES, AND TELEPHONE HOLSTERS AND DOWNLOADABLE PRE-RECORDED RINGTONES; INTERACTIVE VIDEO GAME SOFTWARE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-31-2002; IN COMMERCE 8-31-2002.

FOR: POSTERS, STICKERS; PLASTIC OR PAPER CARDS WITHOUT MAGNETIC ENCODING, NAMELY, TELEPHONE CARDS FOR MAKING TELEPHONE CALLS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 8-31-2002; IN COMMERCE 8-31-2002.

FOR: TELECOMMUNICATION SERVICES, NAMELY, PROVIDING VOICE, DATA, PICTURES, MUSIC AND VIDEO VIA WIRELESS NETWORKS AND TWO-WAY RADIO DISPATCHING SERVICES, ELECTRONIC TRANSMISSION OF VOICE, TEXT, IMAGES DATA AND INFORMATION BY MEANS OF TWO-WAY RADIOS, MOBILE RADIOS, CELLULAR TELEPHONES, DIGITAL CELLULAR TELEPHONES, MOBILE TELEPHONES; MOBILE TELEPHONE COMMUNICATION SERVICES; WIRELESS INTERNET ACCESS SERVICES; AND WIRELESS DATA SERVICES FOR MOBILE DEVICES VIA A WIRELESS NETWORK FOR THE PURPOSE OF SENDING AND RECEIVING ELECTRONIC MAIL, DATA, IMAGES, INFORMATION, TEXT, NUMERIC MESSAGING AND TEXT MESSAGING AND FOR ACCESSING A GLOBAL COMMUNICATIONS NETWORK, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 8-31-2002; IN COMMERCE 8-31-2002.

FOR: ENTERTAINMENT SERVICES, NAMELY ORGANIZING COMMUNITY SPORTING AND CULTURAL EVENTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-18-2002; IN COMMERCE 1-18-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MOBILE", APART FROM THE MARK AS SHOWN.

SN 76-977,033, FILED 10-12-2001.

DOUGLAS LEE, EXAMINING ATTORNEY

Exhibit A

Int. Cls.: 16 and 38

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, 50, 100, 101, and 104

**United States Patent and Trademark Office**

Reg. No. 3,163,288
Registered Oct. 24, 2006

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



BOOST WORLDWIDE, INC. (DELAWARE CORPORATION)
2001 EDMUND HALLEY DRIVE
RESTON, VA 20191

FOR: STICKERS, PLASTIC OR PAPER CARDS WITHOUT MAGNETIC ENCODING, NAMELY, TELEPHONE CARDS FOR MAKING TELEPHONE CALLS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 9-0-2002; IN COMMERCE 9-0-2002.

FOR: TELECOMMUNICATIONS SERVICES, NAMELY, PERSONAL COMMUNICATION SERVICES; TELEPHONE COMMUNICATION SERVICES, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 9-0-2002; IN COMMERCE 9-0-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MOBILE", APART FROM THE MARK AS SHOWN.

SN 76-978,305, FILED 10-12-2001.

ANGELA M. MICHELI, EXAMINING ATTORNEY

Exhibit B

Int. Cls.: 9, 16, 38, and 41

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, 104, and 107

**United States Patent and Trademark Office**

Reg. No. 3,254,019
Registered June 19, 2007

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

### BOOST

BOOST WORLDWIDE, INC. (DELAWARE CORPORATION)
2001 EDMUND HALLEY DR.
RESTON, VA 20191

FOR: TELECOMMUNICATIONS AND COMMUNICATIONS EQUIPMENT, APPARATUS AND SYSTEMS FOR RECORDING, TRANSMISSION, RECEPTION, PROCESSING, RETRIEVAL, REPRODUCTION, MANIPULATION, ANALYSIS, DISPLAY AND PRINT OUT OF SOUND, IMAGES OR DATA, NAMELY MOBILE RADIOS, TWO-WAY RADIOS, CELLULAR TELEPHONES, DIGITAL CELLULAR TELEPHONES, MOBILE TELEPHONES, DISPATCH RADIOS, PAGERS, MOBILE DISPATCH RADIOS, MOBILE DATA RECEIVERS AND TRANSMITTERS; ENCODED SMART CARDS, NAMELY PREPAID SMART CARDS FOR MOBILE TELEPHONES, INTERNET ACCESS AND TELEPHONE CALLING CARDS; ACCESSORIES FOR CELLULAR TELEPHONES AND ALL OTHER COMMUNICATIONS DEVICES, NAMELY, PROTECTIVE COVERS FOR MOBILE PHONES, MICROPHONES AND SPEAKERS, PHONE CRADLES, AND TELEPHONE HOLSTERS AND DOWNLOADABLE PRE-RECORDED RINGTONES; INTERACTIVE VIDEO GAME SOFTWARE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-1-2002; IN COMMERCE 9-1-2002.

FOR: POSTERS, STICKERS, PRINTED INSTRUCTIONAL AND TEACHING MATERIAL MADE OF PAPER OR CARDBOARD FEATURING INFORMATION ON THE SUBJECT OF TELECOMMUNICATIONS PRODUCTS AND SERVICES; PAPER FOR WRAPPING AND PACKAGING; PUBLICATIONS, NAMELY, BROCHURES, JOURNALS, LEAFLETS, MAGAZINES AND PERIODICAL PUBLICATIONS FEATURING INFORMATION ON THE SUBJECT OF TELECOMMUNICATIONS PRODUCTS AND SERVICES; PLASTIC OR PAPER CARDS WITHOUT MAGNETIC ENCODING, NAMELY, TELEPHONE CARDS FOR MAKING TELEPHONE CALLS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 9-1-2002; IN COMMERCE 9-1-2002.

FOR: TELECOMMUNICATIONS SERVICES, NAMELY, TRANSMISSION OF VOICE, DATA, PICTURES, MUSIC AND VIDEO VIA WIRELESS NETWORK AND TWO WAY RADIO DISPATCHING SERVICES; TELECOMMUNICATION SERVICES, NAMELY, PROVIDING WIRELESS MULTIPLE-USER ACCESS TO THE INTERNET; DATA TRANSMISSION AND RECEPTION SERVICES VIA WIRELESS TELECOMMUNICATIONS MEANS, NAMELY, THE WIRELESS TRANSMISSION AND RECEPTION OF ELECTRONIC MAIL, FACSIMILES, DATA, IMAGES, INFORMATION, TEXT, NUMBER MESSAGING AND TEXT MESSAGING; AND TELECOMMUNICATION SERVICES NAMELY, PROVIDING WIRELESS MULTIPLE-USER ACCESS TO THE INTERNET, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 9-1-2002; IN COMMERCE 9-1-2002.

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING CLASSES AND TRAINING IN THE FIELDS OF TELECOMMUNICATIONS PRODUCTS AND SERVICES, MARKETING, BRAND DEVELOPMENT AND ADVERTISING, AND DISTRIBUTING COURSE MATERIALS IN CONNECTION THEREWITH VIA THE INTERNET, LOCAL AREA NETWORKS, VIRTUAL PRIVATE NETWORKS, TELEPHONES, MOBILE DATE RECEIVERS AND TRANSMITTERS; ENTERTAINMENT SERVICES, NAMELY ORGANIZING COMMUNITY SPORTING AND CULTURAL EVENTS; PROVIDING PROGRAMMING SERVICES FOR TELEVISION, VIDEO, RADIO, MOTION PICTURES, AND LIVE VIDEO FEED VIA COMPUTER NETWORKS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

Exhibit C

FIRST USE 9-1-2002; IN COMMERCE 9-1-2002.  SN 76-429,849, FILED 7-3-2002.

OWNER OF U.S. REG. NO. 2,606,564.  BILL DAWE, EXAMINING ATTORNEY

Exhibit C

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

**United States Patent and Trademark Office**

Reg. No. 2,936,743
Registered Mar. 29, 2005

## TRADEMARK
### PRINCIPAL REGISTER

### RE-BOOST

BOOST WORLDWIDE, INC. (DELAWARE CORPORATION)
2001 EDMUND HALLEY DR.
RESTON, VA 20191

FOR: ENCODED SMART CARDS, NAMELY, PREPAID SMART CARDS FOR MOBILE TELEPHONES, INTERNET ACCESS AND TELEPHONE CALLING CARDS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-31-2002; IN COMMERCE 8-31-2002.

OWNER OF U.S. REG. NO. 2,606,564.

SN 76-977,014, FILED 10-10-2002.

DOUGLAS LEE, EXAMINING ATTORNEY

Exhibit D

16

Name & Address:
James Juo (State Bar No. 193852)
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| BOOST WORLDWIDE, INC., | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV13-05601-VBK |
| HERMAN VARGAS d/b/a CELL CORNER, | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __James Juo_____, whose address is __FULWIDER PATTON LLP, 6060 Center Drive, Tenth Floor, Los Angeles, CA 90045__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG - 2 2013__        By: __MARILYN DAVIS__
                                    Deputy Clerk

                                    (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
BOOST WORLDWIDE, INC.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
HERMAN VARGAS
d/b/a CELL CORNER

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
FULWIDER PATTON LLP
6060 Center Drive, Tenth Floor        310-824-5555
Los Angeles, California 90045

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Lanham Act, 15 U.S.C. §§ 1114 and 1125, Trademark infringement and unfair competition

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** ☐ 463 Alien Detainee | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 530 General | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV13-05601

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                            CIVIL COVER SHEET                            Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Delaware |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: August 2, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |